



RECEIVED AXK
3/16/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CANDACE HOWARD, )<br> *Plaintiff,* )<br> )<br> v. )<br> )<br> FAVORITE HEALTHCARE STAFFING, LLC, )<br> *Defendant.* ) | 1:26-cv-02988<br> Judge Martha M. Pacold<br> Magistrate Judge Daniel P. McLaughlin<br> RANDOM / Cat. 2<br><br> Civil Action No. _____<br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DISCRIMINATION, RETALIATION, AND FAILURE TO**
**ACCOMMODATE**

**<u>INTRODUCTION</u>**

1. Plaintiff Candace Howard brings this action against Defendant Favorite Healthcare Staffing, LLC for disability discrimination, failure to accommodate, retaliation, and sex discrimination arising from the termination of her employment following her request for medical accommodation.

2. Plaintiff worked in a leadership role supporting emergency shelter operations in Chicago, Illinois. After Plaintiff underwent surgery and was placed under medical restrictions, she requested reasonable accommodation. Shortly thereafter Defendant terminated her employment and asserted a false allegation of timecard fraud as the basis for termination.

3. Defendant's actions violated the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.

**<u>JURISDICTION AND VENUE</u>**

4. This action arises under federal law, including Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

5. This Court has jurisdiction under 28 U.S.C. §1331 and §1343 because this case presents federal questions involving civil rights and employment discrimination.

6. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in Chicago, Illinois.

## PARTIES

7. Plaintiff Candace Howard is an individual residing in Phenix City, Alabama.

8. Defendant Favorite Healthcare Staffing, LLC is an employer doing business in Illinois.

9. Defendant employed Plaintiff in a leadership role supporting emergency logistics operations in Chicago, Illinois.

10. Defendant employed more than fifteen employees during the relevant time period and is an employer within the meaning of Title VII and the Americans with Disabilities Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

12. The EEOC issued a Notice of Right to Sue on December 17, 2025.

13. Plaintiff files this lawsuit within ninety days of receiving that notice.

14. A copy of the Notice of Right to Sue is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Plaintiff worked as a Deputy Logistics Section Chief supporting emergency shelter operations for the City of Chicago.

16. Plaintiff coordinated food distribution, transportation logistics, and operational support for multiple shelter locations.

17. Plaintiff had a strong work history and frequently worked extended hours to support emergency operations.

18. In March 2024, Plaintiff underwent surgery that resulted in medical restrictions.

19. Plaintiff's physician restricted her from lifting more than ten pounds during recovery.

20. Plaintiff's condition substantially limited major life activities including lifting, mobility, and performing physical tasks compared to most people in the general population.

21. Plaintiff informed Defendant of her medical condition and restrictions.

22. Plaintiff continued performing work duties during this period including coordinating logistics and communicating with colleagues through work communication platforms.

23. Plaintiff was able to perform the essential functions of her position with or without reasonable accommodation.

24. On April 22, 2024, Plaintiff requested a reasonable accommodation due to her medical restrictions.

25. Plaintiff provided medical documentation supporting the accommodation request.

26. Defendant delayed responding to the accommodation request and required repeated documentation.

27. Defendant required Plaintiff to relocate between hotel locations while she was still recovering from surgery.

28. Plaintiff informed Defendant that moving between locations would be difficult due to her medical restrictions.

29. Defendant failed to promptly provide reasonable assistance.

30. Several non-HR employees requested medical information from Plaintiff.

31. Defendant failed to engage in a good faith interactive process to determine appropriate accommodation.

32. On May 8, 2024, Defendant terminated Plaintiff's employment.

33. Defendant asserted that the termination was based on alleged timecard fraud.

34. Plaintiff denies this allegation and states that she continued performing work duties during the relevant period.

35. Defendant did not conduct a reasonable investigation into Plaintiff's work activity before terminating her.

36. The stated reason for Plaintiff's termination was false and served as a pretext for discrimination and retaliation.

## COUNT I

**Disability Discrimination (ADA) 42 U.S.C. §12112**

37. Plaintiff incorporates the preceding paragraphs.

38. Plaintiff had a disability within the meaning of the ADA.

39. Defendant was aware of Plaintiff's disability.

40. Defendant terminated Plaintiff because of her disability or perceived disability.

41. Defendant's actions violated the ADA.

## COUNT II

**Failure to Accommodate (ADA) 42 U.S.C. §12112(b)(5)(A)**

42. Plaintiff incorporates the preceding paragraphs.

43. Plaintiff requested reasonable accommodation for her medical restrictions.

44. Defendant failed to engage in a good  faith interactive process.

45. Defendant failed to provide reasonable accommodation.

46. Defendant's conduct violated the ADA.

## COUNT III

**Retaliation 42 U.S.C. §12203**

47. Plaintiff incorporates the preceding paragraphs.

48. Plaintiff engaged in protected activity by requesting accommodation.

49. Defendant terminated Plaintiff shortly afterward.

50. The close timing between the accommodation request and termination demonstrates retaliatory motive.

## COUNT IV

**Sex Discrimination (Title VII) 42 U.S.C. §2000e-2**

51. Plaintiff incorporates the preceding paragraphs.

52. Defendant treated Plaintiff differently than male employees.

53. Male employees received more favorable treatment regarding workplace accommodations.

54. Defendant's conduct violated Title VII.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award back pay and lost wages;

C. Award front pay or reinstatement;

D. Award compensatory damages;

E. Award punitive damages;

F. Award costs and attorney's fees; and

G. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


DATED: March 16, 2026


Respectfully submitted,


/s/ Candace Howard

Candace Howard

3622 S Railroad St

Phenix City, AL 36867

Plaintiff, Pro Se

**EXHIBIT A**

**EEOC Notice of Right to Sue**